**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Matthew Travis Houston, | Case No.: 2:26-cv-01139-APG |
| Plaintiff | **Order Denying Permission to Proceed and Closing Case** |
| v. | [ECF No. 1] |
| Clark County, et al., | |
| Defendants | |

As he is aware, plaintiff Matthew Travis Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey. *See Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY, ECF No. 30. Under that order, before Houston can file a new action in this court, using any pages he has already filed in another case," he must satisfy three conditions:

> • Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
> • That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
> • Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8. Under that order, "the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order." *Id.* at 9.

Houston's complaint includes multiple pages that were previously filed with this Court and bear the Court's stamp from previous cases. *See e.g.* ECF No. 1-1 at 14 (bearing stamps indicating that it has been previously filed in Case 2:22-cv-01780-ART-DJA at ECF No. 28-1

and 2:22-cv-01607-APG-DJA at ECF No. 13-1).  Along with the complaint Houston filed several hundred pages of exhibits, many of which were also either filed in previous cases or reference previous cases. *See generally*, ECF Nos. 1-1, 1-2, 1-3, 1-4.

Together with the complaint, Plaintiff included a document titled "Application to Chief District Judge Seeking Leave to File." ECF No. 1-1 at 31.  The document directs the reader to see Houston's previously filed declarations and then states that Houston has no time to waste because he is on his deathbed and then provides a table of contents for Houston's exhibits. *Id.* The document does not include any declaration from Houston, much less one that declares under penalty of perjury that: the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; that the new claim or claims are not frivolous or made in bad faith; or that he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

In reviewing Houston's hundreds of pages of exhibits, I do not see any previously filed declarations that the matters asserted in his complaint are different from those previously filed in this district.  Furthermore, even if Houston had included a generic declaration that he had filed in a previous action, that would not satisfy the pre-filing requirement.  Houston cannot simply file the same generic declaration in every case.  Rather, in each new case that Houston files, he must file a new declaration stating that the matters specifically asserted in that new case are different from those that he has previously raised in this district.

Houston also included with the body of the company various documents, including one titled "Supplement to Application to Chief District Judge Seeking Leave to File." ECF No. 1-1 at 8.  This document similarly fails to include the required declaration but does seem to include another table of contents for exhibits. *Id.*

Because Houston failed to meet the conditions set by the vexatious litigant order, I deny him permission to file this action. If Houston wishes to pursue any of his claims, he must file a complaint in a new case together with an application seeking leave to file and the required declaration under penalty of perjury.

I THEREFORE ORDER that Houston's Application to Chief District Judge Seeking Leave to File (ECF No. 1-1 at 31) is DENIED.

I FURTHER ORDER this action is DISMISSED without prejudice in its entirety based on Houton's failure to comply with the pre-filing requirements that apply to him.

The Clerk of the Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Houston wishes to seek permission to file a new case in this Court, he must comply with the pre-filing requirements in Judge Dorsey's Order.

DATED: May 8, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE